# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA I. MARQUEZ,<br><br>　　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　　　　　　　Defendant. | CASE NO. 07cv106-IEG(NLS)<br><br>ORDER GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [DOC. NO. 15]; DENYING PLAINTIFF'S MOTION FOR REVERSAL AND/OR REMAND [DOC. NO. 13] |

Plaintiff Maria I. Marquez, proceeding by and through counsel, filed this action for judicial review of the Commissioner's denial of her application for supplemental security income pursuant to Title XVI of the Social Security Act.  Plaintiff filed a motion for reversal and/or remand, arguing the Administrative Law Judge "(ALJ") erred in adopting the opinion of the medical expert without providing him the full medical record.  The Commissioner filed a cross-motion for summary judgment, arguing the ALJ's decision is supported by substantial evidence in the record and is free of reversible legal error.  These motions are appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1), and the March 10, 2008 hearing date was previously vacated.  For the reasons set forth herein, the Commissioner's motion is GRANTED, and Plaintiff's motion is DENIED.

### *Procedural History*

Plaintiff protectively filed an application for supplemental security income disability

1  benefits on February 25, 2004.[1] [Tr. 72.] The Commissioner initially denied Plaintiff's application,
2  and again on reconsideration. [Tr. 36-48.] The ALJ held a hearing on July 21, 2005. [Tr. 422-
3  445.] On October 28, 2005, the ALJ denied benefits in a written decision. [Tr. 14-22.] Plaintiff
4  filed a request for review of the hearing decision, which the Appeals Council denied on November
5  16, 2006. [Tr. 5-7.] Plaintiff thereafter timely filed a complaint for judicial review of the decision.

### *Background*

7  Plaintiff was born March 11, 1952, and completed the ninth grade in Mexico. [Tr. 73, 91.]
8  Plaintiff alleges she is unable to communicate in English. [Tr. 72, 98, 426-427.] Plaintiff alleges
9  disability due to heart disease, enlarged heart, artificial heart valves, tachycardia, atrial flutter,
10 hypertension, fatigue, memory problems, shortness of breath, post stroke, chronic lower back pain,
11 and left sided weakness. [Tr. 14, 36, 99.]

12 Plaintiff previously worked four months, from July to October of 1994, as a
13 receptionist/assistant in a landscaping business. The vocational expert classified Plaintiff's prior
14 work, as performed, as unskilled sedentary work which did not require the ability to communicate
15 in English.[Tr. 86, 122, 441.]

16 Plaintiff's son, Jorge Marquez, testified at the hearing regarding his mother's medical
17 condition. Mr. Marquez testified his mother's condition had worsened in the four to five months
18 prior to the hearing. [Tr. 429]. Mr. Marquez testified his mother suffered from headaches, nausea
19 and dizziness, along with shortness of breath. [Tr. 429.] Mr. Marquez testified his mother's
20 cardiologist told Plaintiff she had congestive heart failure. [Tr. 428.]

21 A medical expert, Gerald Weingarten, testified at the hearing via telephone. Dr.
22 Weingarten testified he reviewed the medical records but there was no recent stress testing or
23 echocardiogram. [Tr. 430-431.] A June 10, 2004 echocardiogram showed normal findings. [Tr.
24 431.] Dr. Weingarten testified there was nothing in the record indicating ischemic heart disease or
25 to support the treating physician's diagnosis of congestive heart failure. [Tr. 432.] Dr. Weingarten
26 testified the EKG was normal and there was insufficient medical evidence to support Plaintiff's

---

[1]The Commissioner previously denied Plaintiff's application for benefits. [Tr. 24-33 (ALJ's unfavorable decision dated July 19, 1997).] The ALJ found the prior finding of no disability was *res judicata* as to the period prior to the February 25, 2004 new filing date. [Tr. 14.]

1  ongoing complaints of dizziness and fatigue. [Tr. 436.]

2  Based upon the evidence of record, Dr. Weingarten opined the Plaintiff could lift 20
3  pounds occasionally, 10 pounds frequently, could stand or walk at least two hours in an eight hour
4  work day, and could sit six hours in an eight hour work day. [Tr. 433.] Prior to the hearing, Dr.
5  Weingarten did not review Plaintiff's most recent treatment records or opinion letters from Dr.
6  Post and Dr. Szkopiec at the San Ysidro Health Center (Exhibits B11F and B12F). [Tr. 439.] By
7  letter dated July 25, 2005, Dr. Weingarten informed the ALJ he had reviewed the additional
8  materials and the new information did not change any of his original opinions. [Tr. 71.]

9  The vocational expert, Alan Cummings, testified that if Plaintiff was limited in the manner
10 found by Dr. Weingarten, Plaintiff could still perform her prior work. [Tr. 442.] If Plaintiff's
11 limitations were as described by her treating doctors, however, Dr. Cummings testified there
12 would be no full-time work available. [Tr. 444.]

13 On October 28, 2005, the ALJ found the medical evidence established Plaintiff had "severe
14 hypertension, cardiomegaly, valvular heart disease, history of arrhythmia, history of reported
15 stroke, and dizziness." [Tr. 21.] However, Plaintiff's impairments did not medically equal one
16 listed in the regulations. The ALJ found Plaintiff's allegations regarding the degree of her
17 impairments and limitations were not credible. [Id.] The ALJ found Plaintiff retained the capacity
18 to perform a range of sedentary work activities, and therefore could perform her past relevant
19 work. [Id.] Therefore, the ALJ found Plaintiff was not disabled.

20                                    ***Legal Standard***

21 To qualify for disability benefits under the Act, an applicant must show that: (1) he or she
22 suffers from a medically determinable impairment that can be expected to result in death or has
23 lasted, or can be expected to last, for a continuous period of twelve months or more; and (2) the
24 impairment renders the applicant incapable of performing the work that the applicant previously
25 performed and incapable of performing any other substantially gainful employment that exists in
26 the national economy.  42 U.S.C. § 423(d)(2)(A).  An applicant must meet *both* requirements to be
27 "disabled."  Id.

28 The Social Security Regulations employ a five-step process to determine whether an

applicant is physically disabled under the Act.  If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed to subsequent steps.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing Federal Old-Age, Survivors and Disability Insurance (1950-1999), 20 C.F.R. § 404.1520 (1999)).  Although the ALJ must assist the applicant in developing the record, the applicant bears the burden of proof as to the first four steps.  <u>Id</u>.  If the fifth step is reached, the burden shifts to the Commissioner to rebut the finding of disability.  <u>Id</u>.  The five steps are as follows:

> (1) Is the claimant presently working in any substantially gainful activity?
>
> (2) Is the claimant's impairment severe?
>
> (3) Does the impairment meet or equal one of a list of specific impairments?
>
> (4) Is the claimant able to do any work that she has done in the past?
>
> (5) Is the claimant able to do any other work that exists in significant numbers in the national economy?

20 C.F.R.§ 416.920; <u>see also</u> <u>Celaya v. Halter</u>, 332 F.3d 1177, 1180 (9th Cir. 2003) (describing the five step sequential evaluation process).

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final decision of the Commissioner.  42 U.S.C. § 405(g).  This Court has jurisdiction to review the Commissioner's benefits decision and "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a hearing."  42 U.S.C. § 405 (g).

The Commissioner's denial of disability benefits will only be disturbed if the ALJ's findings are based on legal error or are not supported by substantial evidence.  <u>Mayes v. Massanari</u>, 276 F.3d 453, 458-59 (9th Cir. 2001).  "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).  In determining whether there exists substantial evidence to support the ALJ's finding, the court must weigh both the evidence that supports and the evidence that detracts from the ALJ's conclusion as that evidence exists in the record.  <u>Id</u>.  "Where the evidence can rationally be

interpreted in more than one way, the court must uphold the Commissioner's decision." Mayes, 276 F.3d at 459 (citing Aukland v. Massanari, 257 F.3d 1033, 1034-35 (9th Cir. 2001)).

### *Discussion*

In support of her motion for reversal and/or remand, Plaintiff argues the ALJ erred in adopting the opinion of the testifying medical expert, Dr. Weingarten, when the expert was never provided with the updated medical evidence from Plaintiff's treating physicians at the San Ysidro Medical Center. Plaintiff argues the ALJ failed in his duty to develop the record by failing to obtain an updated opinion from Dr. Weingarten following his review of the treating physician's records. Plaintiff argues the ALJ's failure to provide Dr. Weingarten with the additional records, and obtain an updated opinion, deprived her of a full and fair hearing based on the entire medical record.

Plaintiff's argument is without merit because the record reflects Dr. Weingarten received and reviewed the additional records subsequent to the hearing. By letter dated July 25, 2005, Dr. Weingarten informed the ALJ he had reviewed the records from the San Ysidro Health Center and the new information "does not change any of my original opinions." [Tr. 71.] In addition, the ALJ reviewed all of the medical records, including the records from the San Ysidro Medical Center, and explained in great detail why those records did not support the treating doctor's diagnosis of congestive heart failure. [Tr. 18-19.] The ALJ explained why he rejected the disability opinions of the treating physicians, and how the opinions were contrary to the medical evidence in the record. [Id.]

Plaintiff, in her motion for reversal and/or remand, does not point to any legal error in the ALJ's decision. The treating doctors' opinions regarding the ultimate issue of disability were not entitled to controlling weight because they were not supported by objective evidence in the record. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). The ALJ was entitled to weigh the medical evidence of record and resolve inconsistencies. Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). The ALJ's decision is supported by substantial evidence in the record and Plaintiff, in her motion for reversal and/or remand, does not argue to the contrary.

Plaintiff's sole argument in support of reversal and/or remand is that the ALJ failed to

develop the record because he failed to obtain an updated opinion from Dr. Weingarten after he reviewed Plaintiff's current treatment records.  This argument lacks merit because Dr. Weingarten did review those records and indicated they did not change his opinions. Plaintiff has pointed to no other error which warrants reversal or remand.

### *Conclusion*

For the reasons set forth herein, Plaintiff's motion for reversal and/or remand is DENIED and the Commissioner's cross-motion for summary judgment is GRANTED, terminating this case.

**IT IS SO ORDERED**.

DATED: March 6, 2008

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**